UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

USF INSURANCE COMPANY,            )
                                  )
            Plaintiff             )
                                  )
     vs.                          )     Case No.  7:10-cv-00464-HGD
                                  )
ERIN S. GUIN, et al.,             )
                                  )
            Defendants            )

## MEMORANDUM OPINION

Plaintiff, USF Insurance Company, has filed a Motion for Default Judgment. (Doc. 29).  It seeks a default judgment declaring that it owes no insurance coverage to Moving Star California, LLC (Moving Star), for the judgment obtained against Moving Star by Erin S. Guin and Jonathan D. Guin.  USF also has filed a motion for summary judgment on its complaint for declaratory judgment as against defendants Erin S. Guin and Jonathan D. Guin.  (Doc. 10).  This matter is before the undersigned United States Magistrate Judge upon the consent of both parties in accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.  (Doc. 31, Notice of Consent).

On March 5, 2010, plaintiff, USF Insurance Company (USF) filed this action against defendants Erin and Jonathan Guin seeking a declaratory judgment that they are not liable to pay a judgment for damages obtained against Moving Star by the Guins under a policy of insurance number LGBGL30014R2, issued to Moving Star by USF in 2006. (Doc. 1, Complaint). USF filed a motion for summary judgment on November 29, 2010. The Guins filed a response on January 8, 2011, and USF filed a reply on January 18, 2011. The parties then filed a joint motion to stay this action to allow USF to add Moving Star as defendant, and the motion to stay was granted on January 28, 2011.

On February 11, 2011, USF filed an amended complaint adding Moving Star California, LLC (Moving Star), a California limited liability corporation, as a party to this action. (Doc. 16, Amended Complaint). Unable to serve Moving Star directly, USF was granted permission to serve that company by service of process on the California Secretary of State, as allowed under California law. (*See* Doc. 22, Motion to Permit Service of Process on Moving Star California, LLC by Service on the California Secretary of State; Doc. 23, Order Granting Motion; Doc. 26, Notice of Service of Process). After Moving Star failed to file an answer to the amended complaint, USF filed an Application to Clerk for Entry of Default and Supporting Affidavit. (Doc. 27). That same date, the Clerk entered a default against Moving

Star.  (Doc. 28).  Subsequent to this, USF has moved for a default judgment against Moving Star.  (Doc. 29, Motion for Default Judgment).

USF issued a Commercial General Liability Insurance Policy to Moving Star with effective dates of August 31, 2006 to August 31, 2007.  The contract of insurance between USF and Moving Star provided that USF would:

> pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

> The contract excludes:

> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

> The insurance policy also obligates USF to pay for damages resulting from "personal and advertising injury" to which this insurance applies.  However, it excludes coverage for:

> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

> * * *

> "Personal and advertising injury" arising out of a beach of contract, except an implied contract to use another's advertising idea in your "advertisement."

> The contract  defines certain terms as follows:

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;
b. Malicious prosecution;
c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
d. Oral and written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
e. Oral or written publications, in any manner, of material that violates a person's right of privacy;
f. The use of another's advertising idea in your "advertisement", or
g. Infringing upon another's copyright, trade dress or slogan in your "advertisement."

Furthermore, it provides:

"Property Damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it;

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that cause it.

The policy also provides that it "does not apply to punitive or exemplary damages, fines or penalties" and does not apply to "'bodily injury,' 'property damage'

or 'personal advertising injury' due to the rendering of or failure to render any professional service."

In Case No 7:08-cv-2296-LSC (N.D.Ala.), the Guins filed suit on December 10, 2008, alleging that they solicited a quote from Moving Star to move their household goods from their apartment in Searcy, Arkansas, to Tuscaloosa, Alabama. They alleged that the quote provided them with a "binding estimate" for $1,855.00. However, they further allege that, after the Moving Star truck was loaded, another defendant, Yizhak Cohen, demanded that they sign a bill of lading and freight bill with a revised total of $4,284.00. Cohen refused to move the goods for the original agreed-upon amount and demanded payment before he would start the trip. The Guins alleged that they had no choice but to sign the bill of lading or be left with their goods removed from the truck on the side of the street. The Guins' complaint against Moving Star alleged causes of action for promissory fraud, fraudulent misrepresentation, breach of contract, violations of Federal Motor Carriers Safety Administration regulations, contract of adhesion, and conversion. The Guins did not allege any "bodily injury" or physical injury to tangible property.

After Moving Star failed to answer, a default was entered by the Clerk. At the hearing to set damages, the Guins asked the court to award damages of $2,428.00 in overcharges, $50,000.00 for emotional distress and $150,000.00 in punitive damages,

for a total of $202,428.00.  The court granted a default judgment on August 14, 2009, in favor of the Guins and against Moving Star for the amount sought by the Guins, plus costs.  The Guins then filed a garnishment against USF for the Commercial General Liability Policy proceeds.  USF denied coverage for the default judgment and filed this declaratory judgment action.

In its Motion for Default Judgment, USF avers that USF and the Guins have reached a settlement between themselves.  However, USF Insurance Company seeks to bind Moving Star to any settlement reached in this case.  In seeking a final judgment declaring that there is no coverage available for the judgment entered against Moving Star in favor of the Guins, USF relies both on the fact that it is seeking a declaratory judgment against Moving Star by default and also on the merits of the coverage issues as set forth in its previously filed motion for summary judgment.

### DISCUSSION

It is not disputed by either party that California law controls the construction of this policy.  Likewise, under Alabama law, the law of the state where an insurance policy is issued applies when interpreting that policy.  *Cincinnati Ins. Co. v. Girod,* 570 So.2d 595, 597 (Ala. 1990).  It is not disputed that this policy was issued to Moving Star in Sacramento, California.

However, it is clear from the terms of the policy that there is no coverage for "bodily injury" or "property damage" because the damages suffered by the Guins do not fall under the policy definitions of "bodily injury" or "property damage." The only type of bodily injury claimed by the Guins is for mental anguish. Under California law, the term "bodily injury" is limited to physical injury to the body and does not include non-physical, emotional or mental harm. *Chatton v. Nat'l Union Fire Ins. Co.*, 10 Cal.App.4th 846, 854 (Cal.App. 1.Dist. 1992). They also did not suffer property damage within the meaning of the policy. It is not disputed that the Guins' household goods were delivered to them undamaged. California law holds that commercial general liability insurance policies do not provide coverage for intangible property losses, including economic losses. *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 900 P.2d 619, 44 Cal.Rptr.2d 567 (Cal.App. 2 Dist. 1996).

In addition, there is no coverage for "bodily injury" or "property damage" because the policy only covers damages of this type resulting from "an accident." Under California law, "[a]n accident . . . is never present when the insured performs a deliberate act unless some additional, unexpected, independent, and unforeseen happening occurs that produces the damage." *Merced Mut. Ins. Co. v. Mendez*, 213 Cal.App.3d 41, 261 Cal.Rptr. 273, 279 (1989). A failure to discharge one's contractual liabilities under a written agreement is a non-accidental act of breach of

contract for which there is no coverage under these terms. *Golden Eagle Ins. Corp. v. Cen-Fed, Ltd.*, 148 Cal.App.4th 976, 989, 56 Cal.Rptr.3d 279, 287 (Cal.App. 2 Dist. 2007).

Finally, there is no coverage for "bodily injury" or "property damage" due to the exclusion of such damages where it is "expected or intended from the standpoint of the insured." The actions of the insured (Moving Star) which resulted in damage to the Guins were all clearly intentional acts. Therefore, these damages are excluded from coverage under the policy.

There is also no coverage under the policy for "personal and advertising injury" because defendants have made no claim for or provided evidence of any such damages. The type of damages for which coverage is provided under this section of the policy are listed on page 4, *infra*. Likewise, $150,000 of the judgment awarded to the Guins was for punitive damages. This type of damages is also specifically excluded under the policy.

Based on the foregoing, the court FINDS that there is no coverage for the claims of the Guins against Moving Star; therefore, USF's Motion for Summary Judgment and Motion for Default Judgment are due to be granted. A final judgment will be entered contemporaneously herewith declaring that there is no coverage available for the claims of the Guins against Moving Star California, LLC, under USF

Insurance Company Commercial General Liability Policy number LGBGL30014R2 with effective dates of August 31, 2006, to August 31, 2007, and granting a default judgment in favor of USF and against Moving Star to that effect.

DONE this 3rd day of May, 2012.

                                                                  /s/ Harwell G. Davis, III
                                                                  HARWELL G. DAVIS, III
                                                                  UNITED STATES MAGISTRATE JUDGE